Thilly v New York Presbyt. Hosp.

2026 NY Slip Op 03374

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

William Sen Thilly, et al., Plaintiffs-Appellants,

v

New York Presbyterian Hospital, et al., Defendants-Respondents.

Decided and Entered: May 28, 2026

Index No. 150123/23|Appeal No. 6614|Case No. 2025-02755|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Diana S. Sen, New York, for appellants.

Baker & Hostetler LLP, New York (Matthew C. Berger of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered April 2, 2025, which, to the extent appealed from, granted so much of the motion of defendants New York Presbyterian Hospital (NYPH) and Catherine Chang as sought to dismiss the causes of action for breach of contract and declaratory relief premised on alleged violations of New York City Human Rights Law (City HRL), unanimously modified, on the law, to the extent of granting plaintiff leave, within 60 days of service of this decision and order with notice of entry, to serve an amended complaint alleging the denial of public accommodation based on disability in violation of the City HRL, and otherwise affirmed, without costs.

Plaintiffs failed to state a cause of action for breach of contract (see CPLR 3211[a][7]). The complaint's vague and conclusory statement that defendants breached a "valid and enforceable contract" by denying plaintiff Sen access to the infant plaintiff in the neonatal intensive care unit (NICU) after expressing concern over Sen's cough is not sufficient to establish the existence of a contract between the parties (see Martin Assoc., Inc. v Illinois Natl. Ins. Co., 188 AD3d 572, 573 [1st Dept 2020]; Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc., 138 AD3d 570, 570-571 [1st Dept 2016]). Furthermore, plaintiffs' mere assertion that they were charged more than $100,000 in medical expenses does not sufficiently allege an express or implied agreement that Sen would have unfettered access to the NICU. Sen's contention that there was a contract between the parties through NYPH's "Breastfeeding Mothers' Bill of Rights" was neither alleged in the complaint nor raised before Supreme Court. Thus, that contention is not properly raised on appeal (see Elfand v Adams, 243 AD3d 472, 473 [1st Dept 2025]).

Plaintiffs do not currently state a cognizable claim for declaratory relief under the City HRL (Administrative Code of City of NY § 8-107) and thus the dismissal is affirmed. However, we dismiss without prejudice to replead within 60 days, plaintiffs cause of action under the City HRL as it pertains to the denial of public accommodation based on disability.

Based on our determination, we decline to reach plaintiffs' remaining arguments.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026